UNITED STATES DISTRICT COURT

Northern District of California

| | |
|---|---|
| WILLIAM PETER HANSEN, D.D.S.,<br><br>Plaintiff,<br>v.<br><br>OHIO NATIONAL LIFE ASSURANCE, COMMISSIONER OF THE CALIFORNIA DEPARTMENT OF INSURANCE,<br><br>Defendants.<br>_____/ | No. C 11-01382 MEJ<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO REMAND [Dkt. No. 8]** |

## I.  INTRODUCTION

Pending before the Court is Plaintiff William Hansen's ("Plaintiff") Motion to Remand (Dkt. No. 8). Defendant Ohio National Life Assurance Corporation ("Ohio National") has filed an Opposition (Dkt. No. 15), to which Plaintiff filed a Reply (Dkt. No. 17). On July 7, 2011, the Court held a hearing on the Motion. After carefully considering the parties' arguments, the Court **GRANTS** Plaintiff's request to remand the matter to state court, but **DENIES** Plaintiff's request for an award of attorneys' fees and costs.

## II.  BACKGROUND

Plaintiff initiated this lawsuit by filing a Complaint against Ohio National and the Commissioner of the California Department of Insurance in San Francisco Superior Court on February 8, 2011. Notice of Removal, Ex. A (Complaint). Plaintiff alleges that in February 1990, he obtained a disability income policy from Ohio National. Compl. ¶ 6 & Ex. 1. Beginning in 2007, he began experiencing pain in his shoulders and right arm, which Plaintiff alleges caused him to become disabled from his occupation as a prosthodontist. *Id*. ¶¶ 9, 10. As a result, in June 2010, Plaintiff submitted a claim for disability income benefits under the policy. *Id*. ¶ 10. Subsequently, on January 14, 2011, Ohio National denied Plaintiff's claim for total disability benefits, and instead awarded him

partial disability benefits. *Id*. ¶ 11. Plaintiff thereafter filed this lawsuit alleging that Ohio National wrongfully denied him disability benefits under the policy. Plaintiff alleges that, in addition to failing to objectively evaluate his claim, Ohio National utilized an illegal definition of total disability to determine his eligibility for benefits. *Id*. ¶ 7. He asserts claims against Ohio National for breach of contract, breach of the covenant of good faith and fair dealing, intentional misrepresentation, and intentional infliction of emotional distress. *Id*. at 2-12.

Additionally, Plaintiff seeks a writ of mandamus against the Commissioner of the California Department of Insurance pursuant to California Insurance Code sections 10290, 10291.5, and 12926, ordering the Commissioner to exercise his discretion to take corrective action by determining whether the definition of "total disability" in the policy should be revoked or reformed to conform to California law and to discharge his duty to stop the alleged unfair claims practices by Ohio National. Compl. ¶¶ 62-76.

On March 23, 2011, Ohio National removed the lawsuit to this Court on the basis of diversity jurisdiction pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Dkt. No. 1. According to Ohio National, Plaintiff has fraudulently joined the Commissioner as a defendant in this action because there is no possibility that Plaintiff can prove a cause of action against the Commissioner and because Plaintiff has no real intention to obtain a judgment against him. *Id*. at ¶ 20. Ohio National therefore asserts that the Commissioner's citizenship should be disregarded for purposes of assessing diversity jurisdiction, and once this is done, there is complete diversity of citizenship between it and Plaintiff. *Id*. ¶ 7. Plaintiff, however, maintains that he has properly named the Commissioner as a defendant and moves to remand the action to state court for lack of subject matter jurisdiction.

### III.  LEGAL STANDARD

Pursuant to 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." The burden of establishing that federal jurisdiction exists is on the party seeking removal, and courts strictly construe the removal statute against removal jurisdiction.

*Gaus v. Miles, Inc.*, 980 F.2d 564, 566-67 (9th Cir. 1992) (internal citations omitted). Accordingly, "federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Id*. at 566. A plaintiff may bring a motion to remand a case to state court for lack of jurisdiction pursuant to 28 U.S.C. § 1447(c). If at any time before final judgment it appears that the Court lacks subject matter jurisdiction, the Court must remand the action to state court. 28 U.S.C. § 1447(c).

Under 28 U.S.C. § 1332(a), district courts have original jurisdiction over all civil actions "where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." "Section 1332 requires complete diversity of citizenship; each of the plaintiffs must be a citizen of a different state than each of the defendants." *Morris v. Princess Cruises, Inc.*, 236 F.3d 1061, 1067 (9th Cir. 2001).

However, an exception to the rule of complete diversity exists when a non-diverse defendant has been fraudulently joined. *See McCabe v. Gen. Foods*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Ritchey v. Upjohn Drug Co.*, 139 F.3d 1313, 1318 (9th Cir. 1998) ("It is a commonplace that fraudulently joined defendants will not defeat removal on diversity grounds."). As the Ninth Circuit explained, "If the plaintiff fails to state cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state, the joinder of the resident defendant is fraudulent." *McCabe*, 811 F.2d at 1339. In such instances, the Court may disregard the fraudulently-joined defendant when assessing whether complete diversity exists. *Id*.; *see also Calero v. Unisys Corp*., 271 F. Supp. 2d 1172, 1176 (N.D. Cal. 2003). "There is a presumption against finding fraudulent joinder, and defendants who assert that plaintiff has fraudulently joined a party carry a heavy burden of persuasion." *Plute v. Roadway Packages Sys.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001). To determine whether a defendant has been fraudulently joined, the Court considers whether there is any possibility that the plaintiff will be able to establish a cause of action against the non-diverse defendant. *Bellecci v. GTE Sprint Commun. Corp.*, 2003 WL 151538, at *3 (N.D. Cal. Jan. 14, 2003); *Plute*, 141 F. Supp. at 1008. "A defendant will be deemed fraudulently joined only if, after all disputed questions of fact and all ambiguities in the controlling state law are resolved in [the]

1 plaintiff's favor, [the] plaintiff could not recover against the non-diverse party." *Calero*, 271 F. Supp.
2 2d at 1176. (internal quotations and citation omitted).

## IV.  DISCUSSION

### A.  Overview of the Parties' Positions

As indicated above, Ohio National removed this action based on diversity jurisdiction, asserting that if the Commissioner is disregarded as a fraudulently-joined defendant, complete diversity exists because Plaintiff is a resident of California and Ohio National is a resident of Ohio. Specifically, Defendant contends that under California law, Plaintiff cannot seek a writ of mandamus against the Commissioner.  Alternatively, Defendant argues that even if the Court does not disregard the Commissioner as a defendant, his presence in this lawsuit does not destroy diversity of citizenship between the parties.  Defendant further asserts various procedural challenges to Plaintiff's claim for writ of mandamus.

Plaintiff, however, maintains that he may properly seek a writ of mandamus against the Commissioner, and thus there is no basis for federal jurisdiction in this case, making remand appropriate.

### B.  Whether the Commissioner is a Sham Defendant

Before the Court may disregard the Commissioner for purposes of determining whether complete diversity exists under § 1332(a), Ohio National must establish that Plaintiff has fraudulently named the Commissioner as a defendant.  To do this, Ohio National must show that there is no possibility that Plaintiff can maintain a mandamus action against the Commissioner in state court. *Bellecci*, 2003 WL 151538, at *3.  Ohio National has failed to make this showing.

In its Opposition, Ohio National argues that Plaintiff's request for a writ of mandate is untenable because Plaintiff cannot compel the Commissioner to execute his duties in a specific manner.  Specifically, citing *Schwartz v. Poizner*, 187 Cal. App. 4th 592, 596 (2010), Ohio National argues that Plaintiff cannot compel the Commissioner to revoke or withdraw approval of the policy because the Commissioner's enforcement duties under Insurance Code sections 12926 and 12921(a) are discretionary.  Instead, Ohio National contends under *Schwartz*, Plaintiff must prove that the

4

1  Commissioner abused his discretion by alleging facts showing that the Commissioner acted
2  arbitrarily, capriciously, fraudulently, or without due regard for his rights as a matter of law.  It
3  charges that Plaintiff has not alleged specific conduct by the Commissioner, but only "relies on the
4  conclusory allegation that the Commissioner 'abused [his] discretion in approving and/or failing to
5  revoke the subject policy provision which used an incorrect definition of 'total disability.'"[1] Opp'n at
6  7.

7       Ohio National further argues that because the policy's definition of "total disability" comports
8  with California law, Plaintiff's claim that the Commissioner abused his discretion by approving the
9  policy fails as a matter of law.

10      Ohio National's arguments, however, are unavailing.  As Plaintiff points out, he is not seeking
11 to compel the Commissioner to exercise his discretion in a particular manner, but is seeking an order
12 compelling the Commissioner to exercise that discretion to determine whether the total disability
13 provision in the policy should be revoked or reformed because it does not comply with California
14 law.  *See* Compl. ¶ 76.  At least two other courts in this district have considered similar actions for
15 mandamus against the Commissioner and found that the plaintiffs had stated viable causes of action
16 and thus rejected the defendant's fraudulent joinder arguments.  In *Palma v. Prudential Insurance*
17 *Co.*, 2011 WL 2066640 (N.D. Cal. May 25, 2011), the plaintiff sought a mandate "that the
18 Commissioner exercise discretion to determine if [the plaintiff's] policy should be reformed or
19 revoked so as to conform to California law, or if the Court finds the Commissioner abused his
20 discretion in approving his policy, to compel the Commissioner to reform it so that it conforms to
21 California law."  *Id*. at *3.  The court found that under California Code of Civil Procedure section
22 1085(a) and the California appellate court's decision in *Schwartz*, "this relief is properly sought in a
23 mandamus action."  *Id*.  As in the instant case, the defendant-insurer in *Palma* relied on *Schwartz* for
24 its argument that the Commissioner's enforcement duties are discretionary, not ministerial, and as

---

[1] Ohio National requests that the Court take judicial notice of ten orders from the San Francisco Superior Court sustaining demurrers by the Commissioner and three requests for dismissal filed in state court cases.  Request for Judicial Notice, Dkt. No. 16.  Pursuant to Federal Rule of Evidence 201, the Court **GRANTS** Ohio National's request.

such are not subject to mandamus review. *Id.* The court, however, rejected this argument. The court noted that in *Common Cause of California v. Board of Supervisors*, 49 Cal. 3d 432, 442 (1989), "the California Supreme Court explained that, although mandamus will not lie to control an exercise of discretion – that is, to compel an official to exercise discretion in a particular manner – mandamus may issue to compel an official both to exercise discretion, if required by law to do so, and to exercise it under a proper interpretation of the law." *Id.* The court further noted that the *Schwartz* decision did not address this distinction. *Id.* Analyzing the plaintiff's mandamus claim, the trial court found that the plaintiff was not requesting that the court order the Commissioner to exercise discretion in a particular manner, but was seeking an order "requiring that the Commissioner use the authority granted in California Insurance Code §§ 23926 and 10291.5(b)(1) to exercise discretion to review the allegedly illegal language in the policy," and concluded that "[u]nder *Common Cause*, this relief could properly be sought by way of a writ of mandate." *Id.*

The district court further found that the plaintiff could seek mandamus relief premised on an abuse of discretion claim. *Id.* at *4. The court reasoned that *Common Cause* recognized that mandamus is available to correct an abuse of discretion by an official acting in an administrative capacity. *Id.* (citing *Common Cause*, 49 Cal. 3d at 442). In particular, it noted that the Ninth Circuit has held that "if an insured believes that the Commissioner has abused his or her discretion by approving a policy in violation of the Insurance Code or its implementing regulations, the insured may petition for a writ of mandamus requiring the Commissioner to revoke the approval." *Id.* (citing *Peterson v. Am. Life & Health Ins. Co.*, 48 F.3d 404, 410 (9th Cir. 1995)). The court also rejected the defendant's argument that *Schwartz* had undermined these decisions. *Id.* at *4.

More recently, in *Graybill-Bundgard v. Standard Ins. Co.*, 2011 WL 2470891, at *2 (N.D. Cal. June 22, 2011), the court took the same approach and rejected a fraudulent joinder challenge based on a plaintiff's mandamus claim against the Commissioner. As in this case, the plaintiff in *Graybill-Bundgard* sought a writ of mandamus ordering the Commissioner to take corrective action by withdrawing and/or revoking approval of a disability insurance policy. *Id.* at *1. Citing *Peterson* and *Palma*, as well as several other district court decisions, the court reasoned that "[a]mple authority

1 exists showing that Plaintiff had a plausible cause of action against the Commissioner for a writ of
2 mandamus at the time she filed her action in state court . . . ." *Id*. at *2.  The court therefore held that
3 the insurer's fraudulent joinder argument failed.  *Id*.

4       The Court finds the reasoning in *Palma* and *Gryabill-Bundgard* sound and equally applicable
5 in this case.  Like the plaintiffs in those decisions, here, Plaintiff seeks to compel the Commissioner
6 to exercise his discretion to determine whether the total disability provision in his disability policy
7 should be revoked or reformed so that it complies with California law.  *See* Compl. ¶ 76.  Pursuant to
8 *Common Cause*, this type of mandamus relief is actionable under California law.  Further, as *Palma*
9 explained, nothing in *Schwartz* limited the availability of this type of relief.  Accordingly, because
10 Ohio National has failed to show that there is no possibility that Plaintiff can maintain a mandamus
11 action against the Commissioner in state court, its argument that the Court should disregard the
12 Commissioner as fraudulently joined in this lawsuit fails.  Moreover, the Court finds that Plaintiff has
13 pled sufficient facts to maintain his mandamus claim against the Commissioner.

14       The Court therefore turns to Ohio National's remaining arguments.

15 **C.       Whether the Commissioner Can Regulate In-Force Insurance**

16       Next, Ohio National asserts that Plaintiff cannot use a writ of mandamus to reform or revoke
17 the policy because writ relief can only be applied prospectively and cannot be used to force the
18 Commissioner to reform or revoke a policy that is already in effect.  Opp'n. at 70.  The *Palma* court
19 also addressed this challenge and rejected it.  It noted that in *Van Ness v. Blue Cross of California*, 87
20 Cal. App. 4th 364, 371-72 (2001), the California Court of Appeal stated that "if an insured believes
21 the Commissioner has abused his or her discretion in approving a policy in violation of section
22 10291.5, the insured may petition for a writ of mandamus requiring the commission to revoke the
23 approval."  *Palma*, 2011 WL 2066640, at *4.  The *Palma* court also pointed out that "the insurance
24 regulations specifically provide that the Commissioner may revoke a policy if it does not comply
25 with the provisions of the Insurance Code."  *Id* (citing 10 Cal. Code Regs. § 2196.4(a)).  Based on
26 these authorities, the Court rejects Ohio National's argument.

7

**D.      Exhaustion of Administrative Remedies**

Ohio National next argues that Plaintiff failed to exhaust his administrative remedies before seeking mandamus relief against the Commissioner. Because exhaustion of administrative remedies is a prerequisite to California state jurisdiction, a defense of failure to exhaust administrative remedies may be considered when assessing fraudulent joinder. *See Contreras v. Metro. Life Ins. Co.*, 2007 WL 4219167, at *6 (N.D. Cal. Nov. 29, 2007); *Graybill-Bundgard*, 2011 WL 2470891, at *3. Exhaustion of administrative remedies, however, will not bar a claim if an administrative remedy is unavailable or inadequate. *Brazina v. Paul Revere Life Ins. Co.*, 217 F. Supp. 2d 1163, 1167 (N.D. Cal. 2003).

In support of its challenge, Ohio National asserts that the Insurance Code provides administrative remedies that an insured may utilize if he has a complaint regarding an insurance policy. Opp'n. at 12. Specifically, Ohio National contends that "the California Insurance Code gives the Commissioner several administrative means to administer the Unfair Claims Settlement Practices Act," including: the claims complaint and resolution process (Cal. Ins. Code §§ 12921.3 and 12921.4); market conduct examinations (Cal. Ins. Code § 790.04); cease and desist proceedings (Cal. Ins. Code §§ 790.05 and 790.06); and license suspension and revocation (Ins. Code § § 701, 704, and 728). Opp'n. at 12-13. However, several district courts have previously rejected the argument that these statutes provide a means of administrative appeal. *See Palma*, 2011 WL 2066640, at *5; *Contreras*, 2007 WL 4219168, at *6; *Brazina*, 271 F. Supp. 2d at 1169. Consequently, Ohio National has failed to show that any administrative process exists that Plaintiff could have exhausted before bringing his claim for a writ of mandamus. *See Graybill-Bundgard*, 2011 WL 2470891, at *3.

**E.      Statute of Limitations**

Ohio National also contends that Plaintiff's mandamus claim is barred because it is untimely. Opp'n. at 13. The parties do not dispute that the three year statute of limitations prescribed by California Code of Civil Procedure § 338(a) applies to Plaintiff's mandamus claim. Ohio National argues that because Plaintiff filed his mandamus claim more than three years after he obtained his disability income policy on February 1, 1990, his claim is time-barred. Plaintiff, however, argues that

8

because he brought his mandamus claim within two years after Ohio National denied his claim for benefits, it is timely.  The Court agrees with Plaintiff.  In *Palma*, the district court considered this issue, and after a detailed review of both federal and California cases, held that the three-year period was triggered when the plaintiff was put on notice of the claim once the insurer denied benefits under the policy.  *Palma*, 2011 WL 2066640, at *5-7; *see also Graybill-Bundgard*, 2011 WL 2470891, at *3; *Contreras*, 2007 WL 4219167 at *5-6.  The Court agrees with the analysis set forth in *Palma* and finds that, based on the face of Plaintiff's Complaint, his mandamus claim is not time-barred.

**F.     Misjoinder**

Next, Ohio National argues that Plaintiff has improperly joined the Commissioner as a defendant in this case.  Opp'n. at 16.  Pursuant to Federal Rule of Civil Procedure 20(a)(2):

> Persons . . . may be joined in a one action as defendants if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and
>
> (B) any question of law or fact common to all defendants will arise in the action.

Ohio National argues that Plaintiff cannot establish either of these elements to demonstrate that joinder of the Commissioner is proper.  With respect to the first element, Ohio National contends that Plaintiff's allegations against it are unrelated to and distinct from his mandamus claim asserted against the Commissioner.  Specifically, Ohio National argues that Plaintiff is asserting contract and tort claims for money damages based on Ohio National's handling of his disability claim, but is seeking mandamus relief against the Commissioner based on his alleged failure to act with respect to policy forms used by Ohio National.

As to the second factor, Ohio National contends that there are no common legal or factual questions because "the claims against Ohio National relate to whether Ohio National correctly and reasonably handled Plaintiff's disability claim pursuant to its contractual obligations under the [p]olicy," while "[t]he legal and factual issues as to the claims against the Commissioner involve the Commissioner's oversight of the insurance industry as a whole, his alleged approval of policy forms and whether he has properly exercised his regulatory powers separate and apart from Plaintiff's

9

dispute with his insurer." Opp'n. at 17.

The Court, however, is unpersuaded. Again, the *Palma* decision provides guidance. In that case, the insurer similarly argued that joinder of the Commissioner was improper under Rule 20(a)(2) because the nature of the claims asserted against the insurer and Commissioner were different, the relief sought was different, and because there were no common questions of law and fact between the tort and contract claims asserted against the insurer and the administrative claim against the Commissioner. *See Palma*, 2011 WL 2066640, at *7. In evaluating these arguments, the district court noted that the *Brazina* court had previously rejected such a misjoinder challenge, reasoning, "Since a policy approved the Commissioner is presumed valid in compliance with section 10291.5, *Peterson*, 48 F.3d at 410, the outcome of the insurance contract dispute between defendants and [the plaintiff] may very well depend on whether the Commissioner will withdraw approval of the policy in question. *Id.* (citing *Brazina*, 271 F. Supp. 2d at 1172). Based on this reasoning, the *Palma* court determined that there was sufficient overlap between the claims against the insurer and the Commissioner for joinder to be proper under Rule 20(a).[2] *Id*.

This Court reaches the same conclusion here. The core of Plaintiff's claims against both Ohio National and the Commissioner is the validity and enforceability of the total disability provision in the policy. Moreover, Plaintiff's success on his mandamus claim against the Commissioner may result in revocation of the total disability provision or the policy as a whole, which, in turn, bears on his contract and tort claims against Ohio National. Taken together, the Court finds that there is a sufficient basis to support joinder of the Commissioner as a defendant under Rule 20(a)(2).

**G.    Whether the Commissioner's Presence Destroys Diversity**

Finally, Ohio National argues that even if the Court does not find that the Commissioner is a sham defendant, his inclusion in the lawsuit as a defendant does not destroy diversity. Opp. at 17-18. In support of this argument, Ohio National cites *Morongo Band of Mission Indians v. Cal. State Bd. of Ed.uc*, 858 F.2d 1376, 1382 n.5 (9th Cir. 1998), for the principle that, as an officer of the state, the

---

[2] The *Palma* court also found that joinder would be proper under California law because its joinder rule is broader in scope than Rule 20(a)(2). *Id*.

Commissioner is not a "citizen" of California for purposes of determining diversity. Ohio National thus contends that as a non-citizen, the Commissioner cannot defeat diversity jurisdiction. This argument, however, has been rejected by several courts, which found that nothing in the text of 28 U.S.C. § 1332 authorizes diversity jurisdiction when a non-citizen state is a party. *See Palma*, 2011 WL 2066640, at *8; *Jakoubek v. Fortis Benefits Ins. Co.*, 301 F. Supp. 2d 1045, 1049 (D. Neb. 2003); *Batton v. Georgia Gulf*, 261 F. Supp. 2d 575, 583 (M.D. La. 2003). The Court agrees with the analysis set forth in these decisions and similarly finds that the Commissioner's status as a non-citizen defendant prevents Ohio National from establishing that complete diversity exists between the parties.

**H.**     **Summary**

In sum, the Court finds that Plaintiff has alleged an actionable claim for mandamus against the Commissioner and therefore rejects Ohio National's fraudulent joinder challenge and its procedural and substantive challenges to Plaintiff's mandamus claim. Consequently, Ohio National cannot establish that diversity jurisdiction exists in this case. Without a basis for federal subject matter jurisdiction, the Court must remand this action to state court for further proceedings.

**I.**     **Plaintiff's Request for Attorneys' Fees and Costs**

In his Motion, Plaintiff requests that, if the Court finds that remand is appropriate, it award Plaintiff costs and attorneys' fees. Under 28 U.S.C. § 1447(c), the Court may "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c); *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 134 (2005). As the Supreme Court has explained, "[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied." *Martin*, 546 U.S. at 141. The Court has carefully considered Plaintiff's request and finds that, although Ohio National did not prevail on any of its arguments and ultimately failed to establish a basis for federal jurisdiction over this matter, it nonetheless had an objectively reasonable basis for removal. The Court therefore declines to award Plaintiff attorneys' fees and costs under § 1447(c).

11

### V.  CONCLUSION

For the reasons set forth above, the Court **GRANTS** Plaintiff's Motion to Remand, but **DENIES** his request for an award of attorneys' fees and costs. The Clerk of the Court shall remand this action to the Superior Court for the County of San Francisco.

**IT IS SO ORDERED.**

Dated: August 1, 2011

Maria-Elena James
Chief United States Magistrate Judge

UNITED STATES DISTRICT COURT
For the Northern District of California